FIRST NATIONAL BANK OF SUMTER *v.* JONES, trustee, *et al.*

ATKINSON, J.   A petition was filed by the trustee in bankruptcy of the Ajax Lumber Company, a corporation, against J. E. Plowden, a bank which held a judgment against him, and the sheriff, seeking to enjoin against a sale of the property levied on under a common-law fi. fa. issued upon the judgment in favor of the bank as the property of Plowden, and to have the title decreed to be in the trustee in bankruptcy.   It was alleged, that Plowden, being the president and acting manager of the Ajax Lumber Company, to whom former owners of the property were indebted, received from such owners a deed for the property in his individual name, but that the consideration therefor was paid by the corporation by Plowden entering a credit for the amount of the purchase-price on the account of such former owners on the books of the corporation, and that Plowden, as president, received the property for the corporation, Plowden thereby becoming the mere naked trustee for the use of the corporation.   After the deed was so received, Plowden as president of the corporation borrowed from T. J. Treadwell $1,050, and gave him as security a deed covering the property conveyed by the deed above mentioned, signing the deed individually. Later a loan of $375 was made under similar circumstances.   The total amount of these loans was paid over to Plowden as president of the corporation, and the corporation received the full benefit and use of the same.   The trustee in bankruptcy did not contest these matters, but set up their validity, and alleged the value of the equity of redemption, and that he was seeking to recover the property in order to apply that for the benefit of his trust.   Treadwell was not made a party.   The judgment against Plowden was of older date than the deed to Plowden, and the debt on which it was founded had not been created on the strength of the title to the property in question being vested in Plowden.   On interlocutory hearing for injunction the sheriff was restrained until further order; and on the final hearing a demurrer filed by one of the judgment creditors of Plowden, setting up (*a*) that there was no equity in the petition, (*b*) that there was a misjoinder of parties, in that the Ajax Lumber Company was not a proper or necessary party plaintiff, and (*c*) that there was a non-joinder in that Treadwell was not made a party, was overruled; and the judge, to whom the case was submitted on all questions of law and fact, without the intervention of a jury, after hearing the evidence, entered a judgment in favor of the trustee in bankruptcy.   *Held:*

1. The petition was not subject to the demurrer.   See *Dodd* v. *Bond,* 88 *Ga.* 355 (14 S. E. 581).

2. The assignments of error on the rulings of the judge on the admissibility of evidence, objected to on the grounds of irrelevancy, that the questions propounded by interrogatories were leading, that the foundation had not been laid for the introduction of parol evidence of certain documents, and that certain answers of witnesses were mere expressions of opinion, were without merit.

3. The evidence was sufficient to support the judgment.

*Judgment affirmed.   All the Justices concur.*

AUGUST 19, 1912.   REHEARING DENIED SEPTEMBER 24, 1912.

Equitable petition. Before Judge Bell. Fulton superior court. May 26, 1911.

*George B. Rush,* for plaintiff in error. *Moore & Pomeroy, Etheridge & Etheridge,* and *Alvin M. Richards,* contra.